**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**JOSEPH DAVIS,**

         **Plaintiff,**

                     **9:11-cv-1139**
     **v.**                  **(GLS/TWD)**

**RUSSELL A. PERDUE, Warden,**
*et al.*

         **Defendants.**

**APPEARANCES:**         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JOSEPH DAVIS
03992-070
Last Known Address:
307 Huntington Avenue
Boston, Massachusetts 02115

**FOR THE DEFENDANT:**

HON. RICHARD S. HARTUNIAN   CHARLES E. ROBERTS
United States Attorney        Assistant U.S. Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**Chief Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Joseph Davis. Accordingly, it considers *sua sponte* Davis' noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On September 26, 2011, Joseph Davis filed a 1983 prisoner civil rights action. *See Dkt. No.* 1. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(c) provides:

> **All . . . *pro se* litigants must immediately notify the court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply . . . . (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the

2

dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982).

On February 13, 2014, the court issued a Memorandum-Decision and Order addressing the March 7, 2013 Report-Recommendation of Magistrate Judge Therese Wiley Dancks. (Dkt. No. 74). On February 24, 2014, the court issued a Text Order granting the defendants a limited extension of time, until March 20, 2014, to respond to plaintiff's complaint. (Dkt. No. 77). Davis' copies were mailed to his last known address, but were marked return to sender - - Attempted Not Known and Not At This Address. *See Dkt. Nos.* 78 *and* 79.

On March 11, 2014, the Court issued an order directing Davis to notify the court by March 24, 2014 of his current address and/or verify that his mailing address is as listed in the caption of this order. *See Dkt. No.* 80. The court warned Davis that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(c)(2) and 41.2(b). A

copy of the order was sent to the last known address of the plaintiff. Davis' copy was mailed to his last known address, but was marked return to sender - - Attempted Not Known and Not At This Address - Unable to Forward.  *See Dkt. No.* 83.  After the court-imposed March 24 deadline passed, defendants filed a letter motion requesting dismissal of this action because of Davis' failure to comply with the court's order.  (Dkt. No. 85.)

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141,1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Davis' failure to provide this court with a change of address warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute.  Accordingly, it is hereby

**ORDERED** that defendants' letter motion requesting dismissal of this action (Dkt. No. 85) is **GRANTED**; and it is further

**ORDERED** that Davis' complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's order dated March 11, 2014, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:    April 3, 2014
            Albany, New York**

Gary L. Sharpe
Chief Judge
U.S. District Court